IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA


JOSEPH R. PULLIAM,

        Plaintiff,                  CV F 07 0964 LJO WMW PC

        vs.                         ORDER GRANTING LEAVE TO
FILE AN AMENDED COMPLAINT

                                   (THIRTY DAY DEADLINE)

M. LOZANO, et al.,

        Defendants.


Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

This action proceeds on the complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections and Salinas Valley State Prison, brings this civil rights action against defendants Correctional Officer Lozano and C/O Mason, employees of the CDCR at Kern Valley State Prison.

Plaintiff's  claims in this complaint relate to the conditions of his confinement. Specifically, Plaintiff alleges that while he was housed at Kern Valley State Prison, he was subjected to excessive force.

Plaintiff alleges that on Marech 21, 2006, he was ordered to move to a different cell by

C/O Lozano.  Plaintiff refused, and explained to Lozano the reasons for his refusal.  Plaintiff then alleges, in detail, the physical altercation with Lozano.

As to C/O Mason, the only conduct charged to him is that he lay astride Plaintiff's back while Plaintiff was on the ground. Such conduct, of itself, does not constitute excessive force.

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  The proscription applies to the states through the Due Process Clause of the Fourteenth Amendment.  Robinson v. California, 370 U.S. 660 (1962).  Prison brutality is part of the total punishment to which the individual is being subjected for his crime and, as such, is a proper subject for Eighth Amendment scrutiny.  Ingraham v. Wright, 430 U.S. 651, 669, (1977).  The Eighth Amendment is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions and serves as the primary source of substantive protection to convicted prisoners in cases where the deliberate use of force is challenged as excessive and unjustified.  Whitley v. Albers, 475 U.S. 312, 327,(1986); see also Graham v. Connor, 490 U.S.386, 392 n.10 (1989).

To constitute the "unnecessary and wanton infliction of pain" in the prison context, the United States Supreme Court requires that both the objective and subjective component of the Eighth Amendment be satisfied.  Wilson v. Seiter, 501 U.S. 294 (1991).  First, the deprivation complained of must be sufficiently serious by objective standards.  Id. 501 U.S. at 297.  A deprivation is sufficiently serious if it denies "'the minimal civilized measure of life's necessities.'"  Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981) (violation requires showing of unnecessary and wanton infliction of pain resulting in a physical injury which is of such base, inhumane and barbaric proportions as to shock the sensibilities)).  See Hudson v. McMillian, 503 U.S.1,(1992) (objective prong not met where injury is de minimus); but see, Jordan v. Gardner, 986 F.2d 1521 (9th Cir. 1993) (Hudson substantial injury requirement met by psychological harm alone, such that body searches of female inmates by male guards constitutes

1   cruel and unusual punishment).

2        Second, the prison officials responsible for the deprivation must act with a sufficiently

3   culpable state of mind by subjective standards.  Id.  To be sufficiently culpable, "the offending

4   conduct must be wanton."  Wilson, 501 U.S. at 299.  In situations where officials are not acting

5   under pressure, "deliberate indifference" constitutes wantonness.  Id. at 299-300.   Where a

6   prison security measure is undertaken to resolve a disturbance, the question of whether the

7   measure taken inflicted unnecessary and wanton pain and suffering in violation of the Eighth

8   Amendment turns on whether force was applied in a good faith effort to maintain or restore

9   discipline, or maliciously and sadistically for the purpose of causing harm.  Whitley v. Albers,

10  475 U.S. 312, 320-21 (1986).

11       The court finds the complaint states a claim as to Defendant Lozano, but fails to state a

12  claim for relief as to Defendant Mason.  The court will, however, grant Plaintiff leave to file an

13  amended complaint.  Plaintiff is advised that if he fails to do so, the court will direct service of

14  process of the original complaint upon Defendant Lozano, and recommend dismissal of

15  Defendant Mason.

16       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

17  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

18  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

19  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

20  there is some affirmative link or connection between a defendant's actions and the claimed

21  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

22  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

23       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

24  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

25  complaint be complete in itself without reference to any prior pleading.  This is because, as a

26

general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."

IT IS SO ORDERED.

**Dated:    July 14, 2008**                            **/s/  William M. Wunderlich**
                                                      UNITED STATES MAGISTRATE JUDGE