IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH R. PULLIAM, | |
| Plaintiff, | 1:07 CV 00964 LJO YNP SMS (PC) |
| vs. | ORDER FINDING SERVICE OF AMENDED COMPLAINT APPROPRIATE, AND FORWARDING SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION AND RETURN WITHIN THIRTY DAYS |
| M. LOZANO, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

This action proceeds on the February 2, 2009, first amended complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Salinas Valley State Prison, brings this civil rights action against defendants Correctional Officer Lozano, C/O Gomez and C/O Mason, employees of the CDCR at Kern Valley State Prison.

Plaintiff's claims in this complaint relate to the conditions of his confinement. Specifically, Plaintiff alleges that while he was housed at Kern Valley State Prison, he was subjected to excessive force. In an order addressing the first amended complaint, the Court noted the following.

Plaintiff alleges that on March 21, 2006, he was ordered to move to a different cell by C/O Lozano. Plaintiff refused, and explained to Lozano the reasons for his refusal. Plaintiff then

alleges, in detail, the physical altercation with Lozano.

As to C/O Mason, the only conduct charged to him is that he lay astride Plaintiff's back while Plaintiff was on the ground. Such conduct, of itself, does not constitute excessive force.

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The proscription applies to the states through the Due Process Clause of the Fourteenth Amendment. Robinson v. California, 370 U.S. 660 (1962). Prison brutality is part of the total punishment to which the individual is being subjected for his crime and, as such, is a proper subject for Eighth Amendment scrutiny. Ingraham v. Wright, 430 U.S. 651, 669, (1977). The Eighth Amendment is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions and serves as the primary source of substantive protection to convicted prisoners in cases where the deliberate use of force is challenged as excessive and unjustified. Whitley v. Albers, 475 U.S. 312, 327,(1986); see also Graham v. Connor, 490 U.S.386, 392 n.10 (1989).

To constitute the "unnecessary and wanton infliction of pain" in the prison context, the United States Supreme Court requires that both the objective and subjective component of the Eighth Amendment be satisfied. Wilson v. Seiter, 501 U.S. 294 (1991). First, the deprivation complained of must be sufficiently serious by objective standards. Id. 501 U.S. at 297. A deprivation is sufficiently serious if it denies "'the minimal civilized measure of life's necessities.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981) (violation requires showing of unnecessary and wanton infliction of pain resulting in a physical injury which is of such base, inhumane and barbaric proportions as to shock the sensibilities)). See Hudson v. McMillian, 503 U.S.1,(1992) (objective prong not met where injury is de minimus); but see, Jordan v. Gardner, 986 F.2d 1521 (9th Cir. 1993) (Hudson substantial injury requirement met by psychological harm alone, such that body searches of female inmates by male guards constitutes cruel and unusual punishment).

Second, the prison officials responsible for the deprivation must act with a sufficiently culpable state of mind by subjective standards. Id. To be sufficiently culpable, "the offending conduct must be wanton." Wilson, 501 U.S. at 299. In situations where officials are not acting under pressure, "deliberate indifference" constitutes wantonness. Id. at 299-300. Where a prison security measure is undertaken to resolve a disturbance, the question of whether the measure taken inflicted unnecessary and wanton pain and suffering in violation of the Eighth Amendment turns on whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm. Whitley v. Albers, 475 U.S. 312, 320-21 (1986).

The Court found that the complaint stated a claim as to Defendant Lozano, but failed to state a claim for relief as to Defendant Mason. In the first amended complaint, Plaintiff alleges that Mason "jumped on Pulliams' back slamming his face and head on the shower floor causing copious amounts of blood to flow from his nose and mouth rendering him momentarily dazed and disoriented." The Court finds that Plaintiff states a claim as to Defendant Mason as well as Defendant Lozano.

In the first amended complaint, Plaintiff also names Defendant W. Gomez, the control booth officer that opened the showerl door at Lozano's request. The only conduct charged to Gomez is that he opened the shower door. Plaintiff contends that Gomez is liable on the ground that, in opening the shower door, he is "aiding and abetting Lozano and Mason in the unnecessary and wanton infliction of excessive force upon plaintiff alleged herein." Gomez may only be held liable for his direct participation. In order to hold Gomez liable, Plaintiff must allege facts indicating that he personally participated in conduct that constitutes excessive force. There is no authority for the proposition that Gomez can be held liable on an aiding and abbetting theory. Defendant Gomez should therefore be dismissed.

The Court has screened Plaintiff's first amended complaint pursuant to 28 U.S.C.

§ 1915A and finds that it states a cognizable claim for relief under section 1983 against Defendants Lozano and Mason for use of excessive force, in violation of the Eighth Amendment. Fed. R. Civ. P. 8(a); Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); Alvarez v. Hill, 2008 WL 659570, No. 06-35068, *3 (9th Cir. Mar. 13, 2008).  Accordingly, it is HEREBY ORDERED that:

1. Service is appropriate for the following defendants:

    C/O M. LOZANO

    C/O L. MASON

2. The Clerk of the Court shall send Plaintiff two (2) USM-285 forms, two (2) summonses, a Notice of Submission of Documents form, an instruction sheet and a copy of the amended complaint filed February 2, 2009.

3. Within **thirty (30) days** from the date of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

    a. Completed summons;

    b. One completed USM-285 form for each defendant listed above; and

    c. Three (3) copies of the endorsed first amended complaint filed February 2, 2009.

4. Plaintiff need not attempt service on Defendants and need not request waiver of service.  Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5. <u>The failure to comply with this order will result in a recommendation that this action be dismissed</u>.

IT IS SO ORDERED.

**Dated:    November 19, 2009**              /s/ Sandra M. Snyder
                                   UNITED STATES MAGISTRATE JUDGE