1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                     EASTERN DISTRICT OF CALIFORNIA

9
JOSEPH R. PULLIAM,                    CASE NO.    1:07-cv-964-LJO-MJS (PC)
10
                        Plaintiff,    ORDER GRANTING PLAINTIFF'S MOTION
11                                    TO COMPEL (ECF No. 40);
        v.
12                                    DENYING    PLAINTIFF'S    MOTION    TO
M. LOZANO, et al.,                    POSTPONE (ECF No. 42);
13
                        Defendants.   AND GRANTING IN PART AND DENYING IN
14                                    PART DEFENDANTS' MOTION TO COMPEL
_____ /     AND   REQUEST   FOR   EXTENSION   OF
15                                    DISCOVERY DEADLINES (ECF No. 41)

16                                    DISCOVERY DEADLINE RESET TO **MARCH
                                      31, 2011**
17
                                      PRE-TRIAL MOTION DEADLINE RESET TO
18                                    **JUNE 30, 2011**

19

20        Plaintiff Joseph A. Pulliam ("Plaintiff") is a state prisoner proceeding pro se and in

21  forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Before the Court

22  are: (1) Plaintiff's Motion to Compel (ECF No. 40); (2) Plaintiff's Motion to Postpone (ECF

23  No. 44); (3) Defendants' Motion to Compel and for Sanctions (ECF No. 41); and (4)

24  Defendants' Request for Extension of Discovery Deadline (ECF No. 41).  Each of these

25  motions will be addressed in turn below.

26  ///

27  ///

28  ///

1    I.    **PLAINTIFF'S MOTION TO COMPEL**

2          Plaintiff moves to compel  Defendants to provide additional responses to his initial

3    request for production, specifically various CDCR reports, decisions on inmate appeals,

4    and disciplinary records.  (ECF No. 40.)  Defendants contend that they have produced all

5    documents within their custody, control or possession and have thereby satisfied their

6    obligation under the discovery rules.  (ECF No. 43.)

7          If Defendants seek to avoid production by contending that they are not in

8    possession, custody or control of the requested documents, their objection is denied.  The

9    specific facts of this action render such an objection unfounded.   By virtue of their

10   employment with non-party CDCR, individual defendants are represented by the Attorney

11   General's Office.  It is this Court's experience that either individual defendants who are

12   employed by CDCR and/or the Attorney General can generally obtain documents, such as

13   the ones at issue here, from CDCR by requesting them.  They have constructive control

14   over the requested documents, and the documents must be produced.  <u>See, e.g.</u>, <u>Mitchell</u>

15   <u>v. Adams</u>, 2009 U.S. Dist. LEXIS 24289, *24-25, 2009 WL 674348, *9 (E.D. Cal. Mar. 6,

16   2009) (even though defendant warden was sued in his individual capacity, he had

17   constructive control over requested documents because he had authority to obtain the

18   requested documents from third party CDCR); <u>see also</u> <u>Gray v. Faulkner</u>, 148 F.R.D. 220,

19   223-24 (N.D. Ind. 1992) (requiring certification that responding parties "have conducted a

20   search for the information reasonably available to them through their agents, attorneys, or

21   others subject to their control and have determined that the information requested either

22   does not exist or that it has been produced.").

23         If Defendants choose to stand on this objection, they must provide factual support

24   for their assertion that, in spite of their relationship with CDCR, they do not have

25   possession, custody or control of the requested documents.  (Defendants should also be

26   mindful of the fact that maintenance of such an objection may preclude them from using

27   the requested documents, or any documents of this kind, as evidence in support of

28   summary judgment, in opposition to any of Plaintiff's positions, and in any way during trial.

1   See Fed. R. Civ. P. 37(c)(1).  Should Defendants stand on this objection and subsequently

2   seek to use the requested documents or like documents, they must—at

3   minimum—supplement their responses and explain the method by which they obtained the

4   documents.  Id. They will also be required to demonstrate that the prior objection was in

5   good faith given that they now have and seek to use the requested documents.  Fed. R.

6   Civ. P. 26(e)(1).

7          Accordingly, Plaintiff's Motion to Compel further response to his request for

8   production of documents is granted.  Defendants are to provide further response within

9   thirty days from the date of service of this order.

10  **II.     PLAINTIFF'S MOTION TO POSTPONE**

11         Defendants noticed Plaintiff's deposition for December 20, 2010.  Both parties

12  appeared on that date, along with a court reporter, but Plaintiff refused to answer any

13  questions about the case.  Plaintiff's refusal was based on the fact that he claimed to have

14  filed a motion for the appointment of counsel and would not be deposed until such motion

15  was resolved by the Court.

16         It appears Plaintiff may have been referring to the "Motion to Postpone" that he

17  signed on December 6, 2010; it was not received and processed by the Court until

18  December 27, 2010. (ECF No. 42.)  In his Motion, Plaintiff acknowledges that Defendants

19  noticed his deposition for December 20, 2010 and asks the Court to "postpone" the taking

20  of his deposition.  Plaintiff states that he intends to ask the Court to reconsider its denial

21  of his motion for the appointment of counsel.  (Id.)  Plaintiff has yet to file such a motion.

22         Because the Court did not receive Plaintiff's Motion to Postpone until after

23  December 20, 2010, the Motion is moot.  Additionally, had Plaintiff sought reconsideration

24  of his motion to appoint counsel, it would have been denied.  Plaintiff has not shown that

25  his case meets the "exceptional circumstances" standard.  See Rand v. Rowland, 113 F.3d

26  1520, 1525 (9th Cir. 1997).  Thus far, Plaintiff has represented himself diligently and ably;

27  the Court has no doubt that such performance will continue.

28         For the reasons stated above, Plaintiff's Motion to Postpone is DENIED as moot.

1    **III.    DEFENDANTS' MOTION TO COMPEL**

2    Because Plaintiff refused to answer any questions during the December 20, 2010

3    meeting, Defendants have yet to conduct his deposition.  Defendants now move for an

4    order compelling Plaintiff's deposition and ask the Court to award costs associated with the

5    filing of this motion.

6    **A.    Motion to Compel Deposition**

7    In opposition to the Motion to Compel, Plaintiff argues that Defendants should

8    simply review the allegations in his Complaint to obtain information about his claims, the

9    evidence he intends to produce at trial, and any available witnesses.  (ECF No. 44.)

10    Plaintiff claims that his reluctance to being deposed is "prudent" because he does not want

11    to give Defendants' counsel any sworn testimony that could be used against him in these

12    proceedings.  Plaintiff denies that his refusal to participate in his deposition caused or will

13    cause any harm or prejudice to Defendants.

14    While Plaintiff may prefer to  keep his evidence private until trial, the Federal Rules

15    of Civil Procedure do not allow him to do so.  One of the purposes of the civil discovery

16    rules is to "take the sporting element out of litigation, partly by affording each party full

17    access to evidence in the control of his opponent." Martin v. Reyonolds Metals Corp., 297

18    F.2d 49, 56 (9th Cir. 1961). As the Supreme Court has held: "Mutual knowledge of all the

19    relevant facts gathered by both parties is essential to proper litigation.  To that end, either

20    party may compel the other to disgorge whatever facts he has in his possession.  The

21    deposition-discovery procedure simply advances the stage at which the discovery can be

22    compelled from the time of trial to the period proceeding it, thus reducing the possibility of

23    surprise." Hickman v. Taylor, 329 U.S. 495, 507 (1947).

24    Rule 26(b)(1) give a party the **right** to discover "any nonprivileged matter that is

25    relevant to any party's claim or defense."  This includes the right to take the opposing

26    party's deposition, so long as that deposition is properly noticed. Fed. R. Civ. P. 30.  The

27    Court's April 28, 2010 Discovery and Scheduling Order stated: "Pursuant to Federal Rule

28    of Civil Procedure 30(a), defendants may depose plaintiff and any other witness confined

in a prison upon condition that, at least fourteen (14) days before such a deposition, defendants serve all parties with the notice required by Federal Rule of Civil Procedure 30(b)(1)." (ECF No. 35.)

Under both Local and Federal Rules, Defendants are entitled to depose Plaintiff and Plaintiff is **required** to provide all non-privileged facts within his possession. This includes, at a minimum, answering questions posed by Defendants' counsel in a deposition. It is undisputed that Defendants properly noticed Plaintiff's deposition for December 20, 2010 and that Plaintiff refused to answer any of the questions posed by Defendants. In so doing, Plaintiff clearly violated both the Federal Rules of Civil Procedure and the Court's Discovery and Scheduling Order.

While the Court understands Plaintiff might prefer to be represented at his deposition, he has elected not to retain counsel and he is not entitled to appointed representation in this civil proceeding. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). With or without counsel, Plaintiff must obey all applicable procedural rules if he wishes to prosecute this action,. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1986 ("Pro se litigants must follow the same rules of procedure that govern other litigants.") Accordingly, Defendants' Motion to Compel is granted. Defendants are entitled to notice Plaintiff's deposition and Plaintiff is hereby ordered to participate in such deposition. Plaintiff is warned that failure to participated fully and completely in his deposition may result in sanctions, up to an including dismissal of this action. See Fed. R. Civ. P. 37(b)(2).

## B.   Request for Costs

Defendants also move for an award of the costs and fees associated with the attempted December 20, 2010 deposition and the filing of the instant Motion to Compel. Defendants seek a total of $1,125 — $275 for the court reporter and $850 for attorney's fees incurred researching and preparing the instant Motion. (ECF No. 41 at 4.)

Federal Rule of Civil Procedure 37 provides "If [a motion to compel] is granted . . . the court shall, after affording an opportunity to be heard, require the party . . . whose

1   conduct necessitated the motion . . . to pay to the moving party the reasonable expenses

2   incurred . . . unless the court finds that . . . circumstances make an award of expenses

3   unjust." Fed. R. Civ P. 37(a)(2)(a).

4         It is inappropriate and unfair for Defendants to have had to incur otherwise

5   unnecessary expense because of Plaintiff's refusal to participate in a properly noticed

6   deposition. However, that refusal followed a pre-deposition request to delay the deposition

7   and resulted from Plaintiff's reasonable desire to have legal counsel present, not an intent

8   to frustrate discovery or delay this action.  Moreover, as noted above, Defendants have in

9   their own way contributed to the current discovery stalemate.

10        Accordingly, the Court will refrain for the present from imposing monetary sanctions

11  on Plaintiff for his failure to participate in a properly noticed deposition but reserves to

12  Defendants the right to re-submit the request in the event of further discovery obstruction

13  by Plaintiff.   Defendant's request for such costs and fees is denied at this time without

14  prejudice to Defendant's right to re-file such motion in the event there is further

15  inappropriate delay or failure to participate by Plaintiff.

16  **IV.    DEFENDANTS' REQUEST FOR EXTENSION OF DISCOVERY DEADLINE**

17        Defendants move for an extension of the Court's previously imposed discovery

18  deadline. (ECF No. 41 at 5.)  The Court's April 28, 2010 Discovery and Scheduling Order

19  set the deadline for completion of all discovery as December 28, 2010.

20        As that date has passed and the Court has ordered both parties to provide

21  additional discovery, an extension of the discovery deadline is appropriate and Defendants'

22  Request is granted.  The parties' discovery deadline is extended to **March 31, 2011**.  The

23  deadline for filing pre-trial dispositive motions is extended to **June 30, 2011**.

24  **V.    CONCLUSION**

25        For the reasons stated above, the Court hereby ORDERS the following:

26  1.    Plaintiff's Motion to Compel is GRANTED.  Defendants shall file supplemental

27        discovery responses not later than **February 25, 2011**;

28  2.    Plaintiff's Motion to Postpone his deposition is DENIED as moot;

-6-

3.  Defendants' Motion to Compel is GRANTED in part and DENIED in part. Defendants are entitled to re-notice Plaintiff's deposition and Plaintiff is ordered to participate fully in compliance with his obligations under the Federal Rules of Civil Procedure.  Plaintiff is on notice that failure to participate in his deposition may result in sanctions, up to and including dismissal of this action as well as monetary sanctions for past and/or future frustration of legitimate discovery.  For now, Defendants' request for costs and fees is DENIED without prejudice;

4.  The Court's April 28, 2010 Discovery and Scheduling Order is AMENDED as follows: The parties' discovery deadline is **March 31, 2011** and all pre-trial dispositive motions must be filed by **June 30, 2011**.


IT IS SO ORDERED.

Dated:   January 31, 2011          /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE

-7-