# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH R. PULLIAM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. LOZANO, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO.　1:07-cv-964-LJO-MJS (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF No. 48) |

　　　Plaintiff Joseph Pulliam ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's Motion for Appointment of Counsel. (ECF No. 48.)

　　　The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.

　　　Plaintiff's claims in this case involve excessive force. In excessive force cases, discovery is not complex and, even if an attorney is involved, expert testimony is rare.

1  Moreover, excessive force cases do not lend themselves towards summary disposition.
2  See Smith v. City of Hemet, 394 F.3d 689, 701 (9th Cir. 2005) ("Because the excessive
3  force inquiry nearly always requires a jury to sift through disputed factual contentions, and
4  to draw inferences therefrom, we have held on many occassions that summary judgment
5  . . . in excessive force cases should be granted sparingly.  This is because such cases
6  almost always turn on a jury's credibility determinations.").  Thus, Plaintiff should be able
7  to ably represent his interests throughout this case.
8       The Court appreciates that it is difficult for Plaintiff to engage in discovery while
9  imprisoned and that an attorney may be able to depose and otherwise elicit more evidence
10 on Plaintiff's behalf.  However, Plaintiff's filings thus far have shown that he is a capable
11 advocate.
12      Considering all of the above, the Court does not find the exceptional circumstances
13 required to warrant the appointment of counsel.  See Rand, 113 F.3d at 1525.
14 Accordingly, Plaintiff's Motion for Appointment of Counsel is DENIED.

16 IT IS SO ORDERED.
17 Dated:     March 12, 2011              /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE