UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH R. PULLIAM,<br><br>        Plaintiff,<br><br>    v.<br><br>M. LOZANO, et al.,<br><br>        Defendants. | CASE NO. 1:07-cv-964-LJO-MJS (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR A SUBPOENA DUCES TECUM AND DENYING PLAINTIFF'S TWO MOTIONS TO ENLARGE DISCOVERY<br><br>(ECF Nos. 55, 56) |

/

## I.  **INTRODUCTION**

Plaintiff Joseph R. Pulliam ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The action proceeds on Plaintiff's First Amended Complaint, filed February 2, 2009, against Defendants Lozano and Mason for Eighth Amendment violations.  (ECF No. 23.)

On December 20, 2010, Plaintiff filed a Motion to Compel Production of Documents. (ECF No. 40.)  On January 31, 2011, the Court responded to Plaintiff's Motion by ordering Defendants to further respond to Plaintiff's earlier request to produce or demonstrate that they did not have possession, custody or control of the requested documents. (ECF No. 46.)

On February 9, 2011, Defendants Lozano and Mason filed a further response which satisfied the Court that Defendants did not have the requested documents.  (ECF No. 47.)

1  Accordingly, on March 9, 2011, the Court denied Plaintiff's Motion to Compel, but invited
2  Plaintiff to move the Court to issue a Subpoena Duces Tecum for the documents. (ECF
3  No. 49).  Plaintiff was directed, however, to include in any such Motion for a Subpoena
4  Duces Tecum a list of "the <u>specific documents</u> he seeks and explain why he believes that
5  they are relevant to <u>this action</u>."  (emphasis in original) (<u>Id.</u> at 2.)

6  On March 31, 2011, the Court-ordered discovery deadline, Plaintiff filed a Motion
7  for a Subpoena Duces Tecum. (ECF No. 55)  On that same date he also filed a Motion
8  to Extend the Discovery Deadline and a Motion to Alter the Limit of Interrogatories. (ECF
9  No. 56.)

10  Plaintiff's Motions for a Subpoena Duces Tecum, to Extend the Discovery Deadline,
11  and to Alter the Limit of Interrogatories are now before the Court.

12  **II.     <u>MOTION FOR A SUBPOENA DUCES TECUM</u>**

13  Plaintiff's Motion for a Subpoena Duces Tecum consists of a list of requested
14  documents. (Mot. at 2-5.)  Plaintiff does not comply with the Court's directive that he
15  specify how the requested documents may be relevant to his action.  Nevertheless, review
16  of the request satisfies the Court that items lettered "A" through "J" and "S" are relevant or
17  likely to lead to the discovery of relevant evidence.  Accordingly, the Court will issue a
18  subpoena for same.  In all other respects, Plaintiff's Motion for a Subpoena Duces Tecum
19  is denied due to Plaintiff's failure to follow the Court's prior Order.

20  **III.    <u>MOTION TO EXTEND THE DISCOVERY DEADLINE</u>**

21  Plaintiff asks the Court to extend the discovery deadline in this case because his
22  appeal of a denial of his Motion for Appointment of Counsel was still pending when the
23  discovery deadline expired. (Mot. at 2.)  However, that appeal ultimately was dismissed
24  on April 19, 2011 for lack of jurisdiction. (ECF No. 57.)

25  Pursuant to Fed. R. Civ. P. 16(b)(4), the Court can modify a discovery schedule
26  "only for good cause."  Here, Plaintiff has failed to show good cause.  The basis for his
27  request was the pendency of an appeal which has since been dismissed.  Given that
28  dismissal, neither the appeal nor the issues raised therein can be said to have had any

effect on discovery.

Accordingly, Plaintiff's Motion to Extend the Discovery Deadline will be denied.

## IV.     MOTION TO ALTER THE LIMIT OF INTERROGATORIES

Plaintiff also asks the Court for leave to serve additional interrogatories pursuant to Fed. R. Civ. P. 33. Plaintiff fails to offer any explanation as to why he might feel he needs additional interrogatories and why he should be given leave to serve more than 25 written interrogatories on Defendants. He has failed to show good cause for extending the limit.

Accordingly, Plaintiff's Motion to Alter the Limit of Interrogatories will be denied.

## V.      CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Motion for a Subpoena Duces Tecum (ECF No. 55) is GRANTED as to items lettered "A" through "J" and "S" in his motion (ECF No. 55) ; a Subpoena shall be issued fifteen days after entry of this Order and will be served by the U.S. Marshall on Kelly Harrington, Warden of Kern Valley State Prison; in all other respects the Motion is DENIED; and

2. Plaintiff's Motion to Extend the Discovery Deadline and his Motion to Alter the Limit of Interrogatories (ECF No. 56) is DENIED.

IT IS SO ORDERED.

Dated:    September 12, 2011          /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE