# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH R. PULLIAM,<br><br>        Plaintiff,<br><br>  v.<br><br>M. LOZANO, et al.<br><br>        Defendant.<br>_____/ | CASE NO. 1:07-cv-00964-LJO-MJS PC<br><br>ORDER DENYING MISCELLANEOUS MOTIONS<br><br>(ECF Nos. 70 & 72) |

Plaintiff Joseph R. Pulliam ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding on Plaintiff's First Amended Complaint, filed December February 2, 2009, against Defendants Lozano and Mason (jointly, "Defendants") for violation of Plaintiff's rights under the Eighth Amendment. (ECF No. 23.)

On March 31, 2011, Plaintiff filed a motion for a subpoena duces tecum to be issued to the Warden of Kern Valley State Prison. (ECF No. 55.) On September 14, 2011, the Court granted Plaintiff's motion in part, and ordered service of Plaintiff's subpoena duces tecum. (ECF No. 68 & 71.) Plaintiff has since filed a motion for reconsideration of the Court's order on Plaintiff's motion for a subpoena duces tecum, to extend the discovery deadline, and to alter the limit of interrogatories. (ECF No. 70.) Defendants have not filed an opposition to this motion.

Plaintiff also filed a notice regarding the Warden of Kern Valley State Prison's failure to comply with the subpoena duces tecum issued to him. (ECF No. 72.) Defendants have

filed a response to this notice. (ECF No. 73.)

These motions and notice are now before the Court.

I.  **MOTION FOR RECONSIDERATION**

Plaintiff asks that the Court reconsider its decision on Plaintiff's motion for a subpoena duces tecum. (Mot., ECF No. 70 at 3-4.) Plaintiff believes that the Court was wrong to deny five of the document requests in his motion for a subpoena duces tecum. (Mot. at 4.) The denied requests relate to Defendants' personnel records. (ECF No. 55 at 5-6.) In its order on Plaintiff's motion for a subpoena duces tecum, the Court found that these requests were not likely to lead to the discovery of relevant evidence. (ECF No. 68 at 2.)

Fed. R. Civ. P. 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Fed. R. Civ. P. 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff has provided no basis for reconsideration, and has not shown clear error

-2-

1 or other meritorious grounds for relief, and has therefore not met his burden as the party
2 moving for reconsideration. Marlyn Nutraceuticals, Inc., 571 F.3d at 880.

3   Plaintiff's motion for reconsideration (ECF No. 70) is DENIED, with prejudice.

## II. MOTION TO EXTEND THE DISCOVERY DEADLINE

Plaintiff asks that the discovery deadline be extended due to the "insufficient discovery responses Defendants have provided Plaintiff thus far." (Mot. at 6.)

Pursuant to Fed. R. Civ. P. 16(b)(4), the Court can modify a discovery schedule "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Here, Plaintiff has failed to show good cause since his only reason for asking for the extension is to request additional information; a request that the Court has previously denied. (ECF No. 68 at 2.) Despite Plaintiff's concerns about the sufficiency of the information Defendants provided, it appears Defendants have responded to the best of their abilities. Plaintiff's motion states that a significant amount of the requested information was produced in connection with Defendants' motion for summary judgment, but he still requests additional information which the Court previously deemed not relevant. (Mot. at 4, 6; ECF No. 68 at 2.) The Court finds no basis for extending the discovery deadline.

Plaintiff's motion to extend the discovery deadline (ECF No. 70) is DENIED.

## III. MOTION TO ALTER THE LIMIT OF INTERROGATORIES

Plaintiff also asks the Court for leave to serve additional interrogatories pursuant to Fed. R. Civ. P. 33. (Mot. at 6-7.) Plaintiff asks for this information because Defendants have not provided the information that Plaintiff needs. (Id. at 6.) As stated above, it appears that Plaintiff has been provided with the available information. There is no basis for the Court to alter the number of interrogatories to which Plaintiff is entitled.

Accordingly, Plaintiff's motion to alter the limit of interrogatories (ECF No. 70) is DENIED.

## IV. NOTICE OF FAILURE TO COMPLY WITH COURT'S ORDER

Plaintiff has also filed a notice with the Court, to inform it that the Warden of Kern Valley State Prison has failed to provide Plaintiff with a copy of Plaintiff's video report of

the incident underlying Plaintiff's action. (Request, ECF No. 72 at 2.) Defendants have filed a response and informed the Court that they showed Plaintiff the video but were not able to let him maintain possession of it because the requested information is stored on a DVD or CD. (Response, ECF No. 73 at 2.) Prisoners are not allowed to keep CDs or DVDs. See Department Operations Manual Supplement regarding inmate property, section 54030.17.5. (Id.) Since allowing Plaintiff to maintain this information in his possession would be against prison policy and because it appears that the Warden of Kern Valley State Prison has made every effort to provide Plaintiff with this information without violating prison rules, Plaintiff's request is DENIED.

IT IS SO ORDERED.

Dated:     January 27, 2012            /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE