1
2
3
4
5

# UNITED STATES DISTRICT COURT

6

## EASTERN DISTRICT OF CALIFORNIA

7
8

JOSEPH R. PULLIAM,                          CASE NO. 1:07-cv-0964-LJO-MJS PC

9                    Plaintiff,              FINDINGS AND RECOMMENDATIONS
                                            FOR DENIAL OF DEFENDANTS' MOTION
       v.                                   FOR SUMMARY JUDGMENT
10

M. LOZANO, et al.,                          (ECF No. 62)
11

                     Defendants.            FOURTEEN-DAY OBJECTION DEADLINE
12

                                     /
13
14

15   I.    **PROCEDURAL HISTORY**

16         Plaintiff Joseph R. Pulliam, a state prisoner proceeding pro se, filed this civil rights

17   action pursuant to 42 U.S.C. § 1983 on July 5, 2007.  The action proceeds on Plaintiff's

18   claim that while he was incarcerated at Kern Valley State Prison in Delano, California,

19   Defendants Lozano and Mason used excessive physical force against him in violation of his

20   rights under the Eighth Amendment to the United States Constitution.  (ECF Nos. 23 & 25.)

21         On July 14, 2011, Defendants Lozano and Mason filed a motion for summary

22   judgment. (Defs.' Mot. Summ. J., ECF No. 62.) After the Court granted Plaintiff's request

23   for an extension of time to respond, Plaintiff filed an opposition, but protested it was still

24   incomplete because he had difficulty obtaining facts and information from Defendants

25   Lozano and Mason and from third parties. (Pl.'s Opp'n, No. 66.) Defendants filed a reply.

26   (Defs.' Reply, ECF No. 69.)

27         Plaintiff had filed a motion for a subpoena duces tecum (ECF No. 55), which the

28   Court granted in part and ordered the Warden of Kern Valley State Prison to produce

specified information by December 7, 2011 (ECF Nos. 68 & 71). After the December 7, 2011, deadline for the Warden's response to Plaintiff's subpoena, the Court ordered Plaintiff to file an opposition or statement of non-opposition. (ECF No. 74.) After requesting and obtaining additional time, Plaintiff filed a second opposition on March 14, 2012. (Pl.'s First Supplemental Opp'n, ECF No. 78.) Defendants filed a second reply on March 29, 2012. (Defs.' First Supplemental Reply, ECF No. 81.)

Pursuant to Woods v. Carey, 684 F.3d 934 (9th Cir. 2012) and Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), the Court notified Plaintiff of his rights, obligations and methods for opposing Defendants' motion for summary judgment. (ECF No. 83.) After several extensions, Plaintiff filed a second supplemental opposition on October 4, 2012. (Pl.'s Second Supplemental Opp'n, ECF No. 89.) Defendants filed a second supplemental reply. (Defs.' Second Supplemental Reply, ECF No. 90.)

The Court has considered all papers filed in support of and in opposition to the motion for summary judgement, and, for the reasons set forth below, recommends that the motion be denied.

## II.   FACTUAL BACKGROUND

Plaintiff alleges that on April 21, 2006, Defendant Lozano, a correctional officer, informed Plaintiff that he was being moved to a different cell. (Pl.'s Decl., ECF No. 65 at ¶¶ 4, 6.) Plaintiff told Defendant Lozano he was reluctant to move to the other cell because of concerns about his proposed new cell-mate, a perceived friend or relative of a documented enemy. (Id. at ¶ 12.) Defendant Lozano was not responsive to Plaintiff's concerns. (Id. at ¶ 13.) Another inmate also attempted, without success, to convince Defendant Lozano that Plaintiff's new cell-mate was a danger to Plaintiff. (Id. at ¶¶ 15-16.) After Defendant Lozano refused to change his decision to move Plaintiff, Plaintiff packed his personal property and secured himself in a shower. (Id. at ¶ 17.) Defendant Lozano moved Plaintiff's property to the new cell and asked that the shower door be opened. (Id. at ¶ 21.) Defendant Lozano told Plaintiff to "turn around and cuff up," which

Plaintiff immediately did.[1]  (Id. at ¶¶ 23-24.)  Plaintiff asked to speak with the sergeant. (Id. at ¶ 24.)  Defendant Lozano refused Plaintiff's request, and before Defendant Lozano could finish handcuffing Plaintiff's right wrist, Plaintiff saw Defendant Mason running towards him and shouting for Plaintiff to get down. (Id. at ¶ 26.)  Plaintiff laid down on the shower floor.[2]  (Id. at ¶ 27.)  Defendant Mason jumped on Plaintiff's back, smashed Plaintiff's face and head into the floor and caused Plaintiff's nose and mouth to bleed. (Id.)  Plaintiff was dazed and disoriented. (Id.)  Plaintiff next remembers Defendant Mason laying astride Plaintiff's back and Defendant Lozano kneeing Plaintiff's head and face. (Id. at ¶ 28.)  Additional prison staff responded to the situation, Defendant Lozano placed a spit mask over Plaintiff's face, and other prison staff members placed leg restraints on Plaintiff.  (Id. at ¶¶ 31-34.)  Plaintiff gave a video-recorded statement after the incident. (Id. at ¶¶ 40-41.)

Plaintiff also has made the following statement:

> I Plaintiff Joseph R. Pulliam, do solemnly declare, that I did not kick Defendant L. Mason on the shin.  That any injuries Defendant L. Mason may have sustained was caused by Defendant when Mason, full of momentum and malice, jumped on my back while I was laying down on the shower floor flat on my stomach.  I did not refuse any order(s) to go to my cell, because no such order(s) were ever given to me by Defendant M. Lozano.  I did not strike Defendant M. Lozano on the left shoulder with my right clenched fist, or otherwise engage either of the Defendants in any of the alleged resistive combative behavior.

(Pl.'s Decl. at ¶ 45.)

Plaintiff was issued a CDCR 115 Rules Violation Report on March 23, 2006, in

---

[1] Defendant Lozano concurs with Plaintiff's allegation that Plaintiff complied with Defendant Lozano's order to "cuff up".  (Lozano Decl., ECF No. 62 at ¶ 3.)  However, Defendant Lozano also alleges that when he was trying to handcuff Plaintiff, he saw Plaintiff's "right hand clenched into a fist aiming for his facial area." (Id.)  Defendant Lozano turned with Plaintiff, tried to block Plaintiff's right fist, but Plaintiff struck him in his left shoulder. (Id.)  Defendant Lozano ordered Plaintiff to lie on the ground, but Plaintiff refused to comply. (Id.)

[2] According to both Defendants Lozano and Mason, Plaintiff was combative and refused to obey orders. (Lozano Decl. at ¶¶ 3-6; Mason Decl. at ¶ 3-7.)  After the unsuccessful handcuffing attempt, both Defendants tried to force Plaintiff to the ground, but continued to struggle, and all three of them ended up on the floor of the "B" section lower tier shower. (Id.)  Plaintiff landed on his stomach, Defendant Mason landed on Plaintiff's back, and Defendant Lozano landed on his knee and left elbow. (Lozano Decl. at ¶ 6; Mason Decl. at ¶ 7.)  Plaintiff also kicked Defendant Mason on her left shin during this struggle. (Mason Decl. at ¶ 7.)

3

which Defendant Lozano stated that Plaintiff had refused to follow his orders, became combative, hit him in the left shoulder, and kicked Defendant Mason.  (Id. at ¶¶ 42-43.) Defendant Mason also filed an incident report corroborating Defendant Lozano's allegations.  (Id. at ¶ 44.)

Plaintiff was ultimately found guilty of battery on a peace officer but, oddly, did not forfeit good time credits for battery.  (Minnatee Decl., ECF No. 62 at ¶ 4.)  Instead Plaintiff was assessed a credit loss of 150 days for "assault on a non-inmate with physical force insufficient to cause serious injury."  (Anderson Decl., ECF No. 62 at Attach. 1.)  Neither party has explained this discrepancy.  Defendants omit to explain how, as they assert in their motion papers, Plaintiff lost good time credits for assault when he was found guilty of battery.  Moreover, instead of submitting a full copy of the Rules Violation Report, Defendants include one which lacks  committee findings and then add a summary by a witness who reviewed the complete document.  (See Lozano Decl. at Attach A and Minnatee Decl.)

## III.   LEGAL STANDARD

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mutual Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  While the Court may consider other materials in the record not cited to by the parties, it is not required to do so.  Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001).

As the moving parties, Defendants bear the initial burden of proving the absence

4

of a genuine dispute of material fact.  In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) (quotation marks omitted).  Because Plaintiff bears the burden of proof at trial, Defendants need only prove that there is an absence of evidence to support Plaintiff's case.  In re Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 326) (quotation marks omitted). If Defendants meet their initial burden, the burden shifts to Plaintiff to designate specific facts demonstrating the existence of genuine issues for trial.  Id. (citing Celotex, 477 U.S. at 324).  However, Plaintiff need not file any countervailing declarations or other materials if Defendants' papers are insufficient on their face to demonstrate the lack of any material issue of fact.  Kaiser Cement Corp. v. Fischbach and Moore, Inc., 793 F.2d 1100, 1103-04 (9th Cir. 1986); Lew v. Kona Hosp., 754 F.2d 1420, 1423 (9th Cir. 1985) (quotation marks omitted).

In resolving Defendants' motion for summary judgment, all of the evidence must be viewed in the light most favorable to Plaintiff as the non-moving party, Garcia v. County of Merced, 639 F.3d 1206, 1208 (9th Cir. 2011); Hunt v. City of Los Angeles, 638 F.3d 703, 709 (9th Cir. 2011), and all reasonable inferences must be drawn in his favor, LVRC Holdings LLC v. Brekka, 581 F.3d 1127, 1136 (9th Cir. 2009); Pinard v. Clatskanie School Dist. 6J, 467 F.3d 755, 763 (9th Cir. 2006).  Further, Plaintiff's papers are treated more indulgently since he is the nonmoving party.  Lew, 754 F.3d at 1423.

## IV.   DISCUSSION

Defendants move for summary judgment on several grounds.  They claim:  a finding in Plaintiff's favor would necessarily invalidate his prison disciplinary conviction and loss of time credits and therefore Plaintiff's must seek habeas corpus relief in lieu  of proceeding with this action; Plaintiff's Eighth Amendment claim fails because Defendants' conduct was reasonable and Plaintiff only sustained de minimis injuries; and, Defendants are entitled to qualified immunity.

Plaintiff argues that his claim is not barred because he is not seeking relief from the finding of guilt in the Rules Violation Report and he is not challenging the fact or duration

of his confinement.  He maintains that  Defendants are not entitled to qualified immunity and that his version of events disputes Defendants'.  (Pl.'s First Supplemental Opp., ECF No. 78 at 2-4.)

### A.   *Heck* Bar

It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a § 1983 action; their sole remedy in such cases lies in habeas corpus.  Wilkinson v. Dotson, 544 U.S. 74, 78 (2005).  Often referred to as the favorable termination rule, this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or *indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody*."  Wilkinson, 544 U.S. at 81 (emphasis added).  Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."  Id. at 81-2.  Heck v. Humphrey, 512 U.S. 477, 489 (1994) (until and unless favorable termination of the conviction or sentence occurs, no cause of action under § 1983 exists).

Plaintiff argues that his case does not challenge the duration of his confinement but only seeks monetary damages.  (Pl.'s First Supplemental Opp. at 2.)

Defendants' evidence regarding the disciplinary outcome of the incident is confusing.  Defendants allege that Plaintiff ultimately was found guilty of battery on a peace officer (Minnatee Decl. at ¶ 4), but fail to provide a final Rules Violation Report to that effect.  Instead they provide a document stating that Plaintiff was assessed a credit loss of 150 days for *assault*, not battery, on a non-inmate.  (Anderson Decl. at Attach. 1.) Plaintiff is currently serving a definite sentence of 44 years.  (Id.)

In the underlying incident, Plaintiff was accused of hitting Defendant Lozano, failing to obey orders, and kicking Defendant Mason.  (Pl. Decl. at ¶¶ 42-43.)  It appears Plaintiff

ultimately was found guilty of assault, an offense which does not require physical touching. The court might assume that the assault was a lesser included offense on the charge of battery, but summary judgment is to be determined on the basis of evidence, not assumption. The admissible evidence before the Court at this time (and excluding hearsay descriptions of the content of documents) creates a dispute as to what caused the loss of the good time credits - an assault or a battery– and so the Court cannot find as a matter of law that Plaintiff here seeks a remedy which would require invalidation of the reason for the loss of good time credit.

Plaintiff's claim would only be barred by the favorable termination rule if a finding in his favor on the claim would necessarily imply the invalidity of the disciplinary conviction. Wilkinson, 544 U.S. at 81-2; Edwards v. Balisok, 520 U.S 641, 80-81 (1997). A finding that Defendants' use of force was unprovoked and constituted excessive force would not necessarily imply the invalidity of a disciplinary finding that Plaintiff committed an assault on an officer. The Court does not find that Plaintiff's excessive force claim is barred by the favorable termination rule.

**B.   De Minimis Injuries Do Not Bar an Eighth Amendment Claim for Excessive Force**

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue...." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is ... contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from

1   constitutional recognition de minimis uses of physical force, provided that the use of force

2   is not of a sort repugnant to the conscience of mankind." Id. at 9–10 (internal quotations

3   marks and citations omitted).

4          "[W]henever prison officials stand accused of using excessive physical force in

5   violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is ...

6   whether force was applied in a good-faith effort to maintain or restore discipline, or

7   maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of

8   force was wanton and unnecessary, it may also be proper to evaluate the need for

9   application of force, the relationship between that need and the amount of force used, the

10  threat reasonably perceived by the responsible officials, and any efforts made to temper

11  the severity of a forceful response." Id. (internal quotation marks and citations omitted).

12  "The absence of serious injury is ... relevant to the Eighth Amendment inquiry, but does

13  not end it." Id.

14         Defendants contend that the force used was not excessive and Plaintiff only

15  suffered de minimis injuries. (Defs.' Mem. P. & A. Support Mot. Summ. J., ECF No. 62-1,

16  at 10.)  The evidence submitted by the defense supports these conclusions.  However,

17  on a motion for summary judgment the evidence of the opposing party is to be taken as

18  true, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and all reasonable

19  inferences that may be drawn from the facts placed before the court are to be drawn in

20  favor of the opposing party, LVRC Holdings LLC, 581 F.3d at 1136.

21         Here, Plaintiff alleges that he was not resisting Defendants' orders, no force was

22  necessary, Defendant Lozano placed handcuffs excessively tightly and Defendant Mason

23  slammed Plaintiff's head to the floor causing bleeding.  (Pl.'s Decl. at ¶¶ 24-27, 45.)

24  Drawing all reasonable inferences in favor of Plaintiff as the opposing party, the Court

25  finds that there is a genuine dispute of material fact as to whether Defendants' use of

26  force was de minimis.  Defendants' motion for summary judgment on this ground should

27  be denied.

28

### C.    Qualified Immunity

Defendants contend that they are entitled to qualified immunity.  (Defs.' Mem. P. & A. Support Mot. Summ. J. at 10-12.)

Government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In ruling upon the issue of qualified immunity, one inquiry is whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the defendant's conduct violated a constitutional right.  Saucier v. Katz, 533 U.S. 194, 201 (2001), overruled in part by Pearson v. Callahan, 555 U.S. 223 (2009) ("Saucier procedure should not be regarded as an inflexible requirement").  The other inquiry is whether the right was clearly established.  Saucier, 533 U.S. at 201.  The inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition ...."  Id. "[T]he right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."  Id. at 202 (citation omitted).  In resolving these issues, the court must view the evidence in the light most favorable to plaintiff and resolve all material factual disputes in favor of plaintiff.  Martinez v. Stanford, 323 F.3d 1178, 1184 (9th Cir. 2003).  Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986).

The facts taken in the light most favorable to Plaintiff indicate a violation of Plaintiff's rights under the Eighth Amendment, as stated above.  Such rights were clearly established at the time of the incident.  See, e.g., Whitley v. Albers, 475 U.S. 312, 320–21 (1986) (excessive force); Estelle v. Gamble, 429 U.S. 97, 105, 97 (1976) (deliberate indifference to a serious medical need).

### V.    CONCLUSION AND RECOMMENDATION

For the reasons set forth herein, the Court RECOMMENDS that Defendants'

motion for summary judgment, filed on July 14, 2011, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).   Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within **fourteen (14) days** after being served with a copy of that party's objections.   The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:    November 29, 2012          /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE