**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH R. PULLIAM,<br><br>       Plaintiff,<br><br>    v.<br><br>M. LOZANO, et al.,<br><br>       Defendants. | Case No.: 1:07-cv-0964-MJS (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO WITHDRAW CONSENT AND ACKNOWLEDGING PLAINTIFF'S OBJECTIONS TO THE COURT'S PRETRIAL ORDER<br><br>(ECF No. 115) |

      Plaintiff Joseph R. Pulliam ("Plaintiff"), a California state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 5, 2007. This matter is set for a jury trial on December 10, 2013, before the Honorable Michael J. Seng, United States Magistrate Judge.

      This action proceeds on Plaintiff's amended complaint, filed February 2, 2008, against Defendants Mason and Lozano for use of excessive physical force in violation of the Eighth Amendment of the United States Constitution. Plaintiff's claim arises from an incident which occurred on March 21, 2006, at Kern Valley State Prison in Delano, California.

      The Court issued a pretrial order on October 23, 2013. (ECF No. 112.) In this order the Court set out lists of disputed and undisputed facts, disputed evidentiary issues, points of law, potential witnesses, potential exhibits and stipulations, among other items. (Id.) The

parties were directed to file their objections to the pretrial order, if any, by November 12, 2013.

Plaintiff has filed timely objections to the pretrial order. (ECF No. 115.) Plaintiff objects to the Court's list of undisputed facts in the pretrial order. (Id.) He also requests that the Court either allow him to withdraw his consent to Magistrate Judge jurisdiction or that, in the alternative, the Court assign this action to another Magistrate Judge. (Id.) Plaintiff also asks that the trial in this matter be delayed until a new judge can be assigned. (Id.)

## I.      OBJECTIONS TO THE PRETRIAL ORDER

Plaintiff objects to the undisputed facts in the pretrial order. He argues that certain of them do not comport with the facts alleged in his amended complaint. (ECF No. 115 at 3.) Plaintiff believes that the Court's inclusion of undisputed facts contrary to the facts alleged in his amended complaint indicate that the assigned Magistrate Judge has a bias towards defendants. (Id.)

Plaintiff's objections to the pretrial order are noted.

The purported undisputed facts in the pretrial order are primarily for the Court's benefit in, among other things, preparing a neutral statement to be read to the jury prior to voir dire. The Court will not present the undisputed facts to the jury. The Court will allow the parties to review, comment on and object to the neutral statement on the morning of trial.

Accordingly, modifying the statement of undisputed facts in the pretrial order would serve no practical purpose.

## II.     REQUEST TO WITHDRAW CONSENT OR FOR REASSIGNMENT

Plaintiff requests that that the Court either allow him to withdraw his consent to Magistrate Judge jurisdiction or that this case be reassigned to another Magistrate Judge. He believes the assigned Magistrate Judge is biased in favor of the defendants. The Court will treat Plaintiff's request as a motion to withdraw consent and a separate motion to recuse the assigned Magistrate Judge.

### A. Withdrawal of Consent

Once a civil case is referred to a Magistrate Judge under 28 U.S.C. § 636(c), the reference can be withdrawn only "for good cause shown on its own motion, or under

extraordinary circumstances shown by any party." Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993); 28 U.S.C. § 636(c); Fed. R. Civ. P. 73(b).

Plaintiff identifies no good cause to withdraw, or extraordinary circumstances for withdrawal of, the reference to a Magistrate Judge. He moves to withdraw consent based solely on his belief that the pre-trial order contains facts Plaintiff disagrees with and the belief that such disagreement indicates that the assigned Magistrate Judge is biased against him. The issue of recusal for bias will be addressed below. Plaintiff's mere suspicion of bias based on a disagreement with action taken by the Magistrate Judge is not grounds for withdrawal of consent to Magistrate Judge jurisdiction.

### B. Recusal of Assigned Magistrate Judge

A judge must disqualify himself if "his impartiality might be reasonably questioned," 28 U.S.C. § 455(a), or if "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1). "[J]udicial rulings or information acquired by the court in its judicial capacity will rarely support recusal." United States v. Johnson, 610 F.3d 1138, 1147 (9th Cir. 2010) (citing Litkey v. United States, 510 U.S. 540, 555 (1994)).

The objective test for determining whether recusal is required is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. Johnson, 610 F.3d at 1147 (quotation marks and citation omitted); Pesnell v. Arsenault, 543 F.3d 1038. 1043 (9th Cir. 2008). "Adverse findings do not equate to bias," Johnson, 610 F.3d at 1147, and in this instance, Plaintiff disagrees with the Court's pretrial order. That disagreement does not reflect bias. It does not support recusal.

### C. Request for an Extension of Time

Plaintiff also requests that the Court delay the trial in this matter until a new judge is assigned to this case. Since the Court will not be assigning a new judge to this action, there is no need to delay trial.

### III. ORDER

Accordingly, the Court hereby ORDERS as follows:

1. Plaintiff's request to amend the pretrial order is DENIED;

3

2. Plaintiff's request to withdraw consent is DENIED;

3. Plaintiff's request to recuse the assigned Magistrate Judge is DENIED; and

4. Plaintiff's request for an extension of time is DENIED as moot.

IT IS SO ORDERED.

Dated:   November 26, 2013          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE